**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2047
_____

OSCAR PERRAZA-MELENDEZ; E. M-P.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A220-934-456, A220-934-457)
Immigration Judge: Maria I. Akalski
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2026

Before: HARDIMAN, KRAUSE, and MASCOTT, *Circuit Judges*.

(Filed: July 21, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Oscar Perraza-Melendez and his minor son, E. M-P., petition for review of a decision of the Board of Immigration Appeals (BIA) concluding they were not entitled to relief from removal.[1] We will deny the petition.

I

Petitioners, natives of Honduras, unlawfully entered the United States in July 2021. They were served with Notices to Appear and charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioners conceded removability but sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Oscar, the lead applicant, feared returning to Honduras for two reasons. First, Oscar was threatened by a gang member, "El Chaparro," who was in a relationship with the mother of Oscar's two sons. (El Chaparro disapproved when Oscar tried to maintain a relationship with his children). Second, Oscar helped one of his sisters file a criminal complaint against "Flavio,"[2] a member of a different gang, for sexually assaulting Oscar's niece. Oscar testified that after Flavio was released from prison, he caused a motorcycle accident that injured Oscar and his sister in retaliation for reporting Flavio to law enforcement.

---

[1] Oscar was the lead applicant and his son was a derivative beneficiary of the application. 8 U.S.C. § 1158(b)(3)(A); *see also In re A-K-*, 24 I. & N. Dec. 275, 278–79 (B.I.A. 2007). Because E. M-P.'s application relies on the same facts and circumstances as his father's, we analyze them together like the agency did.

[2] Petitioners refer to this individual as "Flavio" in their brief, so we adopt that spelling. His name is spelled "Favio" elsewhere in the record. *See, e.g.*, A.R. 68–69.

The Immigration Judge (IJ) found Oscar credible but denied all requested forms of relief. She rejected his asylum claim because, among other things: (1) Oscar had not been targeted in the past, and would not likely be targeted, on account of his membership in any cognizable particular social group; (2) there was no evidence that Oscar was targeted for any imputed political opinion; and (3) in any event, neither of Oscar's two purported persecutors were government actors nor was there evidence that the Honduran government was unable or unwilling to control them. The IJ denied withholding for the same reasons. And she denied CAT relief because Oscar had not suffered past harm qualifying as torture and no objective evidence indicated that he had "an individualized risk of torture." A.R. 79.

Petitioners appealed to the BIA. Because they did not challenge the IJ's denial of CAT relief, the BIA properly recognized that the CAT claim was not before it. And the BIA agreed with the IJ's asylum and withholding analysis. So it dismissed the appeal.

This timely petition followed.

## II[3]

Petitioners raise three arguments, none of which is persuasive.

*First*, they argue that the Government "had the burden to establish by a preponderance of the evidence that, if they were to return to Honduras, Oscar . . . and his

---

[3] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a)(1). When the BIA issues a decision that incorporates some aspects of the IJ's decision, we review both. *Saravia v. Att'y Gen.*, 905 F.3d 729, 734 (3d Cir. 2018). We review factual findings for substantial evidence and legal conclusions de novo. *See id.*; *Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 724 n.23 (3d Cir. 2024).

son would not be persecuted." Pet'rs' Br. 21. That argument lacks merit. As Petitioners acknowledge elsewhere in their brief, the burden shifts to the Government to rebut a presumption of "future persecution" *after* an applicant has "established past persecution." Pet'rs' Br. 15 (citing 8 C.F.R. § 1208.13(b)(1)). But the IJ found that Oscar had *not* established past persecution and the BIA agreed. So the burden never shifted. Petitioners thus invoke an inapplicable legal standard. To the extent Petitioners try to challenge the IJ's finding of no past persecution, our review of the record leaves us satisfied that "any reasonable adjudicator" would not be "compelled" to conclude otherwise. *Urias-Orellana v. Bondi*, 607 U.S. 537, 544 (2026) (citations omitted). So we will not disturb the agency's finding.

*Second*, Petitioners argue that they were eligible for withholding of removal under CAT because Oscar would be tortured upon returning to Honduras. But they failed to challenge the IJ's CAT conclusion in the BIA proceedings, so the BIA correctly determined it had no CAT claim to review. For that reason, Petitioners failed to exhaust CAT-related arguments and that claim is not properly before us either. 8 U.S.C. § 1252(d)(1); *see Gomez-Gabriel v. Att'y Gen.*, 146 F.4th 327, 330 (3d Cir. 2025).

*Third*, Petitioners contend that the agency denied them due process by relying on cases that, according to them, are no longer good law. To support that claim, Petitioners note only that the Attorney General's decision in *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), vacated several of its prior decisions and held that "victims of private criminal activity" could seek asylum. Pet'rs' Br. 26 (quoting *Matter of A-B-*, 28 I. & N. Dec. at 308). That is factually correct, but irrelevant. Neither the IJ nor the BIA cited or

otherwise relied on the *Matter of A-B-* line of cases.[4] And even if the agency had somehow improperly relied on those (or other) cases, Petitioners do not explain how they suffered "substantial prejudice" from that purported reliance. *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005). So their final argument fails as well.

***

For the stated reasons, we will deny the petition for review.

---

[4] While this petition was pending, the law changed again. *See Matter of S-S-F-M-*, 29 I. & N. Dec. 207 (A.G. 2025) (overruling *Matter of A-B-* and instructing IJs and the BIA to "adhere to" the cases that *Matter of A-B-* had previously vacated).